UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DCT SYSTEMS GROUP, LLC, | ) | CASE NUMBER: 15-58441-wlh |
| | ) | |
| Debtor. | ) | |
| | ) | |

MOTION FOR ENTRY OF ORDER DETERMINING ADEQUATE
ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

COMES NOW DCT Systems Group, LLC (the "Debtor"), and pursuant to 11 U.S.C. § 366 moves this Court for entry of an order determining adequate assurance of payment for future utility services (the "Motion"). In support of this Motion, the Debtor shows the Court as follows:

JURISDICTION

1.

This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.

The statutory bases for the relief requested herein are Sections 105(a) and 366 of the Bankruptcy Code.

3.

On May 4, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its property as a debtor-in-possession.

RELIEF REQUESTED

4.

Section 366(c)(2) of the Bankruptcy Code allows a utility to alter, refuse or discontinue service if a debtor does not furnish adequate assurance of payment within thirty (30) days after the petition date *that is satisfactory to the utility*.

5.

By this Motion the Debtor seeks entry of an Order (a) determining that its Utility Providers (as defined below) have been provided with adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code and (b) approving the Debtor's proposed offer of adequate assurance and procedures whereby the Utility Providers may request additional or different adequate assurance.

6.

Uninterrupted utility services are essential to the Debtor's ongoing operations and, therefore, to the success of the Debtor's reorganization. Should the

Utility Providers refuse or discontinue service, even for a brief period, the Debtor's business operation would be severely disrupted. The impact on the Debtor's business operations, revenue and profits would be extremely harmful and would jeopardize the Debtor's reorganization efforts. It is therefore critical that utility services continue uninterrupted.

## BACKGROUND

7.

Debtor is the owner of office suites and warehouses located at 5100 and 5150 Peachtree Industrial Blvd, Norcross, Gwinnett County, Georgia (the "Property"). The Property has four commercial tenants.

## THE UTILITY PROVIDERS

8.

In connection with the operation of the Property, the Debtor obtains telephone, water, sewer, electric, waste removal and other similar utility services provided by various utility companies (the "Utility Providers"). Attached hereto as Exhibit "A" is a list of the Utility Providers who rendered services to the Debtor as of the Petition Date (the "Utility Service List") and the average amount that the Debtor paid pre-petition to each Utility Provider per month. Prior to the Petition Date, the Debtor paid the Utility Providers approximately $547.28 per month for services rendered.

9.

Georgia Power Company currently holds a security deposit from the Debtor in the amount of $165.

## THE PROPOSED ADEQUATE ASSURANCE

10.

The Debtor intends to pay all post petition obligations owed to the Utility Providers in a timely manner. The Debtor will provide for the payment of utility charges on a current basis as part of its cash collateral budget. The Debtor expects that the Court will approve the use of cash collateral on an interim and final basis permitting the Debtor to pay the utility charges on a current basis.

11.

The Debtor proposes to provide a deposit equal to one month of respective utility service to all Utility Providers, provided that such Utility Provider does not already hold a deposit equal to or greater than one month of utility services (the "Adequate Assurance Deposit"). As a condition of accepting the Adequate Assurance Deposit, the requesting Utility Provider shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such Utility Provider within the meaning of Section 366 of the Bankruptcy Code, and shall further be deemed to have waived any right to seek

additional adequate assurance during the course of its bankruptcy.  Deposits will be paid to each Utility Provider in the following amounts:

| | |
|---|---:|
| Gwinnett County Water Resources | $111.46 |
| Georgia Power Company | $270.82 |

12.

The Adequate Assurance Deposit to Georgia Power Company reflects that Georgia Power Company already holds a security deposit of $165, which has been deducted from the average cost of one month of utility services to reach the proposed Adequate Assurance Deposit.

13.

The Debtor submits that the Adequate Assurance Deposit, in conjunction with the Debtor's ability to pay for future utility services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Providers.

### PROCESS FOR OPTING OUT OF ADEQUATE ASSURANCE PROCEDURES

14.

Historically, Chapter 11 debtors were able to put the onus on utility providers to argue that whatever form of adequate assurance proposed by the debtor was insufficient.  The modifications to Section 366 of the Bankruptcy Code arguably shift the burden onto debtors to provide adequate assurance the utility

provider finds satisfactory and to seek court review if the utility provider does not accept the proposed adequate assurance.  Under this reading of revised Section 366 of the Bankruptcy Code, a Utility Provider could, on the 29th day following the Petition Date, announce that the proposed adequate assurance is not acceptable, demand an extortionary deposit or prepayment from the Debtor and threaten to terminate utility service the next day unless the Debtor complies with their demand.  While the Debtor does not concede that this is a correct reading of Section 366 of the Bankruptcy Code, the Debtor nonetheless believes it is prudent to require the Utility Providers to raise any objections to the Adequate Assurance Procedures so that such objections may be heard by the Court prior to any alteration in the utility service provided to the Debtor.

15.

To avoid a potential hostage situation, the Debtor proposes the following procedures ("Adequate Assurance Procedures"):

   a) Any Utility Provider who objects to the Proposed Adequate Assurance outlined above must file an objection to such procedure (a "Procedure Objection") so that it is actually received by the Debtor within fifteen (15) days of entry of the Interim Order at the following addresses:  (i) Schreeder, Wheeler & Flint, LLP, Attn:  John A. Christy, 1100 Peachtree Street, NE, Suite 800, Atlanta, Georgia 30309-4615.

   b) Any Procedure Objection must (i) be made in writing, (ii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits,

6

and (iii) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

c) The Debtor may, in its discretion, resolve any Procedure Objection by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in its discretion, provide the Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtor believes such additional assurance is reasonable.

d) If the Debtor determines that the Procedure Objection is not reasonable and is not able to reach a prompt alternative resolution with the Utility Provider, the Procedure Objection shall heard by the Court at the next available calendar. The Utility Provider or Debtor's counsel may schedule the matter for a hearing and provide notice to the proper parties.

e) All of the Utility Providers who do not timely file a procedure Objection are deemed to consent to the Proposed Adequate Assurance and shall be bound by the Proposed Adequate Assurance.

## BASIS FOR RELIEF

16.

The Debtor submits that the Court should use its powers under Section 105 of the Bankruptcy Code in this Chapter 11 Case because the issuance of the requested relief is necessary to preserve the Debtor's business.

17.

In particular, this Court has the authority to grant the relief requested pursuant to Section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." The purpose of Section 105(a) of the Bankruptcy Code is "to assure the bankruptcy courts [sic] power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶105.01, at 105-5 to 105-6 (15th rev. ed. 2001).

18.

Determinations of "adequate assurance" within the meaning of Section 366 of the Bankruptcy Code are fully within this Court's discretion. See In re Marion Steel Co., 35 B.R. 188, 198 (Bankr. N.D. Ohio 1983).

19.

In revising Section 366 of the Bankruptcy Code, Congress had the opportunity to establish a minimum adequate assurance amount that would be required in each case. Congress did not set a minimum adequate assurance amount, but rather vested discretion in the courts to determine the appropriate level of adequate assurance required in each case. Section 366 of the Bankruptcy Code

does not give utility companies a blank check or the right to extract from debtors whatever amount of adequate assurance they might desire.

20.

The Debtor submits that, on the facts of this case, the Proposed Adequate Assurance is sufficient. Requiring a substantial deposit or other consideration at the outset of its Chapter 11 case would be unduly burdensome on the Debtor. Based on the foregoing facts, the Debtor submits that granting the relief requested is both necessary and appropriate. The Debtor submits that, based on the facts of this case, no deposits should be required in addition to the Proposed Adequate Assurance. This relief will help the Debtor to successfully reorganize and will not prejudice the rights of the Utility Providers under Section 366 of the Bankruptcy Code.

WHEREFORE, the Debtor respectfully request that the Court enter an Order (a) determining that its Utility Providers have been provided with adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code and (b) approving the Debtor's Proposed Adequate Assurance and Adequate Assurance Procedures whereby Utility Providers may request additional or different adequate assurance.

This 21st day of May, 2015

        /s/ John A. Christy
        JOHN A. CHRISTY
        Georgia Bar No. 125518
        jchristy@swfllp.com
        J. CAROLE THOMPSON HORD
        Georgia Bar No. 291473
        chord@swfllp.com

        Proposed Attorneys for Debtor

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-4516
Telephone: (404) 681-3450
Facsimile: (404) 681-1046

K:\9209\1\Pleadings\DCT utilities motion.docx

## EXHIBIT A

**Utility Providers**                                    **Average Pre-Petition Monthly Charge**

Gwinnett County Water Resources                          $111.46
Georgia Power Company                                    $435.82

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DCT SYSTEMS GROUP, LLC, | ) | CASE NUMBER: 15-58441-wlh |
| | ) | |
| Debtor. | ) | |
| | ) | |

### NOTICE OF HEARING

    PLEASE TAKE NOTICE that, on May 21, 2015, the Debtor filed the "Motion for Entry of Order Determining Adequate Assurance of Payment for Future Utility Services" ("Motion") with the Court seeking entry of an order determining the adequate assurance of payment for future utility services.

    PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing (the "Hearing") on the Motion in Courtroom **1403**, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia, at **1:30 p.m.** on the **4th** day of **June, 2015**.

    Your rights may be affected by the Court's ruling on the Motion. You should read the Motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the Motion or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the Motion with the Clerk of the United States Bankruptcy Court at the address stated below, but you are not required to do so. If you file a response to the Motion, you must attach a certificate stating when, how, and on whom (including addresses) you served the response. The address of the Clerk's office is: Clerk, U.S. Bankruptcy Court, 75 Spring Street, S.W., Room 1340, Atlanta, Georgia 30303. You must also serve a copy of the response on Debtor's counsel, John A. Christy, Schreeder, Wheeler & Flint, LLP, 1100 Peachtree St, NE, Suite 800, Atlanta, Georgia 30309-4516 so that it is received prior to the hearing.

This 21st day of May, 2015.

/s/ John A. Christy
JOHN A. CHRISTY
Georgia Bar No. 125518
jchristy@swfllp.com
J. CAROLE THOMPSON HORD
Georgia Bar No. 291473
chord@swfllp.com

Proposed Attorneys for Debtor

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-4516
(404) 681-3450

K:\9209\1\Pleadings\DCT notice of hearing on utilities.docx

# CERTIFICATE OF SERVICE

This is to certify that I served a copy of the within and foregoing MOTION FOR ENTRY OF ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES and NOTICE OF HEARING via the ECF system or by placing a copy of the same in the United States Mail, with sufficient postage thereon to insure delivery on the entities below and on the attached Master Service List.

| Gwinnett County Department of Water Resources<br>c/o Ron Seibenhener, Director<br>Attn: Commercial<br>684 Winder Highway<br>Lawrenceville, GA 30045 | Georgia Power Company<br>c/o Dewitt R. Rogers, Registered Agent<br>600 Peachtree Street<br>Suite 5200<br>Atlanta, Georgia 30308 |
|---|---|

This 21st day of May, 2015.

/s/ J. Carole Thompson Hord
J. Carole Thompson Hord
Georgia Bar 291473

K:\9209\1\Pleadings\DCT utilities motion.docx

12

MASTER SERVICE LIST

Georgia Power Company
96 Annex
Atlanta, GA  30396

Gwinnett County Water Resources
PO Box 530575
Atlanta, GA  30353

Nilhan Financial, LLC
6050 Peachtree Industrial Blvd
Norcross, GA  30071

Russell Landscape, LLC
PO Box 2019
Dacula, GA  30019

C. Edward Dobbs, Esq. – Via ECF
James S. Rankin, Jr., Esq. – Via ECF
Parker, Hudson, Rainer & Dobbs LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, Georgia 30303

Thomas W. Dworschak, Esq.
Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303

Creditors Adjustment Bureau
14226 Ventura Blvd
Sherman Oaks, CA 91423

LIT Industrial Texas, LP
1717 McKinney Ave
Suite 1900
Dallas, TX 75202

2